# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ROGER E. CLINE,**

    **Plaintiff,**

**v.**                                                **CIVIL ACTION NO. 5:05cv200**
                                                           **(Judge Stamp)**

**RICHARD H. LORENSON,**

    **Defendant.**

## REPORT AND RECOMMENDATION

On December 19, 2005, plaintiff, who is a state prisoner, filed a complaint pursuant to 42 U.S.C. §1983. On February 16, 2006, an order was entered granting the plaintiff's Application to Proceed Without Prepayment of Costs. This matter is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.01 and 28 U.S.C. §1915(e)

## I. THE COMPLAINT

The plaintiff, who is incarcerated in the St. Marys Correctional facility in St. Marys, West Virginia, has filed a complaint against Richard A. Lorenson, the former prosecutor in Greenbrier County, West Virginia. In his complaint, the plaintiff alleges that Mr. Lorenson violated his Fifth and Fourteenth Amendment rights during his jury trial in January of 1992, which resulted in his conviction of first degree murder with a recommendation of mercy. The plaintiff seeks to be awarded a new trial or be awarded four hundred thousand dollars for compensatory damages.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the

complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. 1915(e).

A complaint is frivolous if it is without arguable merit either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325. However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint filed *in forma pauperis* which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," Id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). As discussed more fully below, the plaintiff's request for damages against the defendant has no chance for success because the defendant is immune from such relief. In addition, the plaintiff's alternative request for a new trial has no chance for success. Therefore, the undersigned recommends that this case be dismissed pursuant to 28 U.S.C. 1915(e)(2)(B)(ii) and (iii).

### III. ANALYSIS

Prosecuting attorneys, who are sued under 42 U.S.C. § 1983, are absolutely immune from individual liability when performing prosecutorial functions. Imbler v. Pachtman, 424 U.S. 409 (1976); Ostrrzenski v. Seigel, 177 F.w3d 245 (4th Cir. 1999). For instance, prosecutors are entitled to absolute immunity when seeking extradition of a defendant, Dababnah v. Keller-Burnside, 208 F.3d 467 (4th Cir. 2000), or deciding to prosecute an arrestee. Wadkins v. Arnold, 214 F.3d 535 (4th Cir. 2000). Furthermore, a prosecuting attorney has absolute immunity "for initiating a prosecution and

in presenting the State's case," Imbler, at 431, including preparing and filing charging documents. Kalina v. Fletcher, 522 U.S. 118, 129 (1997).

There is an exception to the absolute prosecutorial immunity rule, however, if the prosecuting attorney acts in the role of administrator or investigative officer, rather than as a prosecutor. Imbler, 424 U.S. at 430. Thus, when a court determines whether a prosecuting attorney is entitled to absolute immunity, it must examine the type of activity performed, not the identity of the individual who performed it. Forrester v. White, 484 U.S. 219, 229 (1988).

In the instant case, the plaintiff alleges that the defendant promised not to ask the jury to return a verdict "without mercy" if he agreed to testify at another defendant's trial. Despite this alleged promise, the plaintiff alleges that the defendant introduced his testimony from the other defendant's trial and asked the jury to return a verdict of life without mercy. In addition the plaintiff alleges that the defendant violated his constitutional rights by admitting into evidence statements he made to a psychologist pursuant to a mental examination under Rule 12.2(c). Clearly the defendant was performing prosecutorial functions when these alleged actions were taken. Consequently, the defendant is entitled to absolute immunity concerning his actions involving the plaintiff.

As alternative relief, the plaintiff seeks a new trial. However, such is not appropriate relief in a § 1983 action. The United States Supreme Court has "continually focused on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." Wilkinson v. Dotson, 544, U.S. 74, 80 (2005). Therefore, any complaint the plaintiff has regarding his conviction and length of sentence must be addressed in a motion filed pursuant to 28 U.S.C. § 2254

3

subject to exhaustion of state judicial remedies. Harvey v. Horan, 278 F. 3d 370 (4th Cir. 2002).

## IV. RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that the complaint (Doc. 1) be **DISMISSED WITH PREJUDICE** under 28 U.S.C. §§ 1915A(b)(1) and (2) and 1915(e)(2)(B)(ii) and (iii) for failure to state a claim upon which relief can be granted and for seeking monetary relief from a Defendant who is immune from such relief .

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.[1]

The Clerk of Court is directed to mail a copy of this Recommendation to the *pro se* plaintiff.

DATED: October 5, 2006

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

---

[1] 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).