IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


ROGER E. CLINE,

            Plaintiff,

v.                                        Civil Action No. 5:05CV200
                                                         (STAMP)
RICHARD H. LORENSON,

            Defendant.


**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE
AND DENYING MOTION TO STAY**

I.  Background

On December 19, 2005, the pro se[1] plaintiff, Roger E. Cline,

filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against

Richard H. Lorenson ("Mr. Lorenson"), a former prosecutor in

Greenbrier County, West Virginia.  In his complaint, the plaintiff

alleges that Mr. Lorenson violated his Fifth and Fourteenth

Amendment rights during his jury trial in January 1992.  This

matter was referred to United States Magistrate Judge John S. Kaull

for a report and recommendation pursuant to Local Rule of Prisoner

Litigation Procedure 83.01 and 28 U.S.C. § 1915(e).  On October 5,

2006, the magistrate judge issued a report and recommendation

recommending that the plaintiff's complaint be dismissed.  The

magistrate judge advised the parties that, pursuant to 28 U.S.C.

§ 636(b)(1)(C), any party may file written objections to his

_____

[1]"Pro se" describes a person who represents himself in a court
proceeding without the assistance of a lawyer.  Black's Law
Dictionary 1237 (7th ed. 1999).

proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation.

The plaintiff filed timely objections on October 20, 2006. Thereafter, on September 16, 2008, this Court received a letter from the plaintiff which this Court construes as a motion to stay these proceedings until the Circuit Court of Greenbrier County, West Virginia, makes a ruling on the plaintiff's application for habeas corpus relief currently pending before it.

For the reasons set forth below, this Court finds that the report and recommendation by the magistrate judge should be affirmed and adopted in its entirety. Furthermore, this Court denies the plaintiff's motion to stay these proceedings.

## II.  Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." <u>See</u> <u>Webb v. Califano</u>, 468 F. Supp. 825 (E.D. Cal. 1979). Because the plaintiff has filed objections, this Court will undertake a <u>de novo</u> review as to those portions of the report and recommendation to which objections were made.

## III.  Discussion

In his § 1983 complaint, the plaintiff claims that Mr. Lorenson asked the jury to return a verdict of life without mercy, despite his promise to the plaintiff that he would not do so, provided the plaintiff agreed to testify in another defendant's trial.  Moreover, the plaintiff claims that Mr. Lorenson admitted into evidence statements that he made to a psychologist pursuant to a mental examination under Rule 12.2(c) of the Federal Rules of Criminal Procedure.  The plaintiff is seeking a new trial or four hundred thousand dollars in compensatory damages.

The magistrate judge recommended to this Court that the plaintiff's § 1983 complaint be denied and dismissed with prejudice as frivolous.  Specifically, the magistrate judge held that prosecuting attorneys sued under 42 U.S.C. § 1983 receive absolute immunity from individual liability when performing prosecutorial tasks.  Imbler v. Pachtman, 424 U.S. 409 (1976); Ostrzenski v. Seigel, 177 F.3d 245 (4th Cir. 1999).  Thus, finding that Mr. Lorenson was performing prosecutorial functions when the plaintiff claims that these alleged civil rights violations occurred, the magistrate judge held that Mr. Lorenson was absolutely immune from individual liability.  Furthermore, the magistrate judge recommended that the plaintiff's alternative request for relief in the form of a new trial is not appropriate relief in a § 1983 action because any complaint that the plaintiff has regarding his conviction and length of sentence must be brought by a motion filed

under 28 U.S.C. § 2254. <u>Harvey v. Horan</u>, 278 F.3d 370 (4th Cir. 2002).

In his objections to the magistrate judge's report and recommendation, the plaintiff argues that his claim against Mr. Lorenson is in his personal capacity and not as the prosecutor. Moreover, the plaintiff asserts that when a prosecutor uses deceptive tactics designed to extract incriminating information and a confession from a defendant, without the concern of constitutional guarantees, that prosecutor is liable for violating the defendant's civil rights.

A frivolous action is one that "lacks an arguable basis in either law or fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). In making a frivolousness determination, judges not only have the "authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." <u>Id.</u> at 327. Thus, unlike the failure to state a claim standard, in determining frivolity, the court is not bound to accept "clearly baseless" factual allegations as true. <u>See</u> <u>Denton v. Hernandez</u>, 504 U.S. 25, 32 (1992).

With this said, it is well-established law that "a prosecutor enjoys absolute immunity from § 1983 suits for damages when he acts within the proper scope of his prosecutorial duties." <u>Imbler</u>, 424 U.S. at 420. A prosecutor is acting within the proper scope of his

prosecutorial duties "in initiating a prosecution and in presenting the State's case." Id. at 431. When a prosecutor performs the functions of an administrator or investigative officer, however, the cloak of absolute immunity no longer exists, and the prosecutor is only entitled to qualified immunity. Ehrlich v. Giuliani, 910 F.2d 1220, 1222 (4th Cir. 1990); see also Imbler, 424 U.S. at 430-31 (stating that it had "no occasion to consider whether like or similar reasons require immunity for those aspects of the prosecutor's responsibility that cast him in the role of administrator or investigative officer rather than advocate"). Therefore, determining whether a prosecutor is entitled to absolute immunity is based upon "the nature of the function performed, not the identity of the actor who performed it." Forrester v. White, 484 U.S. 219, 229 (1988).

In this case, the plaintiff alleges that Mr. Lorenson promised not to ask the jury to return a verdict "without mercy" if he agreed to testify at another defendant's trial. Nevertheless, the plaintiff alleges that his constitutional rights were violated when Mr. Lorenson broke this alleged promise, introduced in the plaintiff's trial his former testimony, and asked the jury to return a verdict of life without mercy. Additionally, the plaintiff alleges that Mr. Lorenson admitted into evidence statements that the plaintiff made to a psychologist. The plaintiff now argues that based upon these actions, and because he

is suing Mr. Lorenson in his personal capacity, Mr. Lorenson is not entitled to absolute immunity.

This Court disagrees. Although the plaintiff claims that he is suing Mr. Lorenson in his personal capacity, and not as the prosecutor in his case, such a claim is well-refuted by the plaintiff's own complaint. The plaintiff's complaint only incorporates and mentions alleged actions that Mr. Lorenson took while performing prosecutorial functions at the plaintiff's trial, including presenting witnesses, introducing evidence, and giving a closing argument. Because Mr. Lorenson was acting as an advocate within the scope of his prosecutorial functions when performing these actions, he is entitled to absolute immunity regarding the plaintiff's claim. Accordingly, the plaintiff's § 1983 claim must be denied and dismissed with prejudice. See, e.g. Imbler, 424 U.S. at 431 (prosecutor entitled to absolute immunity "in initiating a prosecution and in presenting the State's case"); Wadkins v. Arnold, 214 F.3d 535 (4th Cir. 2000) (prosecutor entitled to absolute immunity when deciding to prosecute an arrestee); see also When is Prosecutor Entitled to Absolute Immunity from Civil Suit for Damages Under 42 U.S.C.A. § 1983: post-Imbler Cases,67 A.L.R. Fed. 640 (1984) (collecting cases).

Additionally, this Court agrees with the magistrate judge that a new trial is not an appropriate remedy in this § 1983 action, and that any complaint that the plaintiff has concerning his conviction or sentence must be properly brought pursuant to 28 U.S.C. § 2254.

See <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 80 (2005) ("Throughout the legal journey . . . the Court has focused on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement--either <u>directly</u> through an injunction compelling speedier release or <u>indirectly</u> through a judicial determination that necessarily implies the unlawfulness of the State's custody.") (emphasis supplied). Accordingly, this Court finds that the magistrate judge's report and recommendation should be affirmed and adopted in its entirety.

Moreover, this Court denies the plaintiff's motion to stay the proceedings in this case until the Circuit Court of Greenbrier County, West Virginia, makes a ruling on the plaintiff's application for habeas corpus relief. In his motion, the plaintiff has not shown in what way, if any, a ruling from the Circuit Court of Greenbrier County will impact this Court's decision regarding his § 1983 claim. Accordingly, this Court denies the plaintiff's motion to stay these proceedings.

## IV. <u>Conclusion</u>

Based upon a <u>de novo</u> review, this Court finds that the report and recommendation of the magistrate judge should be, and is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, the plaintiff's § 1983 complaint is DENIED and DISMISSED WITH PREJUDICE as frivolous. Also, the plaintiff's motion to stay these proceedings is DENIED. It is further ORDERED

that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date that the judgment order in this case is entered. See Fed. R. App. P. 4(a)(1).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:     November 6, 2008


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE